## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TODD L. NACHTWEIH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 4:21-cv-00371 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| CORIZON, LLC, | ) | |
| | ) | |
| ANNE L. PRECYTHE, | ) | |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| MELISSA MASSMAN, | ) | |
| | ) | |
| TODD RENSHAW, RN, | ) | |
| | ) | |
| DR. KAREN L. MOODY, | ) | |
| | ) | |
| DR. SANDRA G. ZAKROFF, | ) | |
| | ) | |
| BRETT FERGUSON, NP, | ) | |
| | ) | |
| RICHARD HUMBLE, RN, | ) | |
| | ) | |
| CHRISTEN PITTS (f/k/a BRAWLEY), RN, | ) | |
| | ) | |
| SHANTA COFFMAN, RN, | ) | |
| | ) | |
| HOPE ENGEL, RN, | ) | |
| | ) | |
| JENNIFER BLES, RN, | ) | |
| | ) | |
| MISTY MOREFIELD, RN, | ) | |
| | ) | |
| BRIAN WATSON, RN, | ) | |
| | ) | |
| ANDREA VARVERA, RN, | ) | |
| | ) | |
| CLETA DAWN BOWYER, RN | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CODY STANLEY, RN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Todd L. Nachtweih ("Plaintiff"), by and through his undersigned attorneys, and for his Complaint against Defendants, Missouri Department of Corrections, Corizon, LLC, Anne L. Precythe, Stanley Payne, Melissa Massman, Todd Renshaw, Dr. Karen L. Moody, Dr. Sandra G. Zarkoff, Brett Ferguson, Richard Humble, Christen Pitts f/k/a Christen Brawley, Shanta Coffman, Hope Engel, Jennifer Bles, Misty Morefield, Brian Watson, Andrea Varvera, Cleta Dawn Boyer, and Cody Stanley, states as follows:

## PARTIES

1.      Plaintiff is a resident of St. Louis County, Missouri.  Plaintiff was in the custody of Defendant Missouri Department of Corrections ("MDOC") from September 21, 2017 through September 1, 2019, at the Eastern Reception, Diagnostic and Correctional Center, 2727 Highway K, Bonne Terre, Missouri 63628 ("ERDCC").  During this period, Plaintiff was subjected to various unconstitutional conditions, violations of the ADA, violations of the RA, and negligence, as described herein.

2.      MDOC is a state executive agency that has the power to sue and be sued pursuant to § 217.020 RSMo.  MDOC is responsible for providing treatment for the medical needs of individuals in its custody, including offenders housed at ERDCC.  At all times relevant herein, MDOC acted through its officials, agents, servants and employees.

3.      Defendant Anne L. Precythe ("Director Precythe") is sued in her individual capacity and official capacity as Director of MDOC.  At all times relevant herein, Director Precythe was the Director of MDOC and was responsible for the operations of MDOC, including adopting, approving, and implementing the policies applicable to the prisons that MDOC operates

throughout the State of Missouri, including ERDCC. Upon information and belief, Director Precythe is the final policymaker for MDOC. She is sued in her official capacity.

4.     Defendant Stanley Payne ("Warden Payne") is sued in his individual and official capacity as the Warden of ERDCC.  Upon information and belief, Defendant Payne was Warden of ERDCC at all times relevant herein.  As Warden, Defendant Payne was responsible for facility policies, the management and oversight of the ERDCC's safety and security, management of all facility staff, monitoring of activities for compliance with state regulations, and the proper treatment of inmates, including Plaintiff.

5.     Defendant Melissa Massman ("Director Massman") was, at all times relevant herein, Director of Operations of constituent services for MDOC.   Upon information and belief, at all times relevant herein, Defendant Massman was responsible for managing concerns and issues pertaining to inmates of MDOC.   Upon information and belief, Director Massman failed to properly investigate and/or respond to complaints by Plaintiff regarding inadequate medical treatment between September 27, 2017 and September 1, 2019.

6.     Defendant Corizon, LLC ("Corizon") was, at all times relevant herein, the health care provider for all MDOC facilities, including ERDCC. Corizon is a Missouri limited liability company with its principal place of business located in Brentwood, Tennessee.  Upon information and belief, Corizon has a contractual agreement with the State of Missouri to provide medical services to offenders in the custody of MDOC.  At all times relevant herein, Corizon has held itself out as a professional healthcare provider with specialized expertise in providing medical care in correctional facilities and was under contract to provide medical services to inmates at ERDCC, including Plaintiff. At all times relevant herein, Corizon acted individually and by and through its agents, servant, and employees.

7.     Defendant, Todd Renshaw, RN ("Nurse Renshaw") is sued in his individual capacity and official capacity as a nurse for Corizon and as Functional Unit Manager for ERDCC. Upon information and belief, at all times relevant herein, Nurse Renshaw was responsible for supervision, training, evaluation, investigation and coordination of activities pertaining to medical/health care services at ERDCC. Upon information and belief, Nurse Renshaw failed to properly supervise and train medical/health care services provided to Plaintiff at ERDC and failed to investigate and/or respond to complaints by Plaintiff regarding inadequate medical treatment between September 27, 2017 and September 1, 2019.

8.     Defendant, Dr. Karen L. Moody ("Dr. Moody") is sued in her individual capacity and official capacity as a doctor for Corizon. Upon information and belief, at all times relevant herein, Dr. Moody was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

9.     Defendant, Dr. Sandra G. Zarkoff ("Dr. Zarkoff") is sued in her individual capacity and official capacity as a doctor for Corizon. Upon information and belief, at all times relevant herein, Dr. Zarkoff was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

10.     Defendant, Brett Ferguson, NP ("NP Ferguson") is sued in his individual capacity and official capacity as a nurse practitioner for Corizon. Upon information and belief, at all times relevant herein, NP Ferguson was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

11.     Defendant, Richard Humble, RN ("Nurse Humble") is sued in his individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Humble was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

12.     Defendant, Christen Pitts f/k/a Christen Brawley, RN ("Nurse Brawley") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Brawley was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

13.     Defendant, Shanta Coffman, RN ("Nurse Coffman") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Coffman was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

14.     Defendant, Hope Engel, RN ("Nurse Engel") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Engel was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

15.     Defendant, Jennifer Bles, RN ("Nurse Bles") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Bles was responsible for providing health and medical services to individuals in the custody

of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

16.     Defendant, Misty Morefield, RN ("Nurse Morefield") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Morefield was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

17.     Defendant, Brian Watson, RN ("Nurse Watson") is sued in his individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, NP Ferguson was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

18.     Defendant, Andrea Varvera, RN ("Nurse Varvera") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Varvera was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

19.     Defendant, Cleta Dawn Boyer, RN ("Nurse Boyer") is sued in her individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, Nurse Boyer was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

20.     Defendant, Cody Stanley, RN ("Nurse Stanley") is sued in his individual capacity and official capacity as a nurse for Corizon.  Upon information and belief, at all times relevant herein, NP Ferguson was responsible for providing health and medical services to individuals in the custody of MDOC/ERDCC and for ensuring that such individuals received timely and adequate medical treatment.

21.     At all times relevant herein, Defendants acted under color of state law.

## JURISDICTION AND VENUE

22.     This Complaint asserts civil rights claims of violation of the Eight and Fourteenth Amendments to the United States Constitution arising under 42 U.S.C. §1983; violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12165; and violation of § 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794(a).  This Court has jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331 and 1343.

23.     This Complaint further asserts a claim of negligence under the law of the State of Missouri.  The Court has jurisdiction of this claim pursuant to 28 U.S.C. § 1367(a).

24.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because Defendants are located in this District and the events giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

25.     On or before September 21, 2017 and at all times relevant herein, Plaintiff was suffering from bilateral leg infections, right ankle dysfunction and Hepatitis C, all of which individually and collectively substantially limited his ability to walk, stand and care for himself.

26.     On or about September 27, 2017, medical staff at ERDCC performed an evaluation of Plaintiff, including documentation and evaluation of the medical conditions identified above.

27. On or about October 2, 2017, lab testing revealed that Plaintiff was also suffering from a staph infection.

28. At all times of his confinement, Plaintiff experienced an exacerbation of his bilateral leg infections, right ankle dysfunction and Hepatitis C.

29. Between September 27, 2017 and August 22, 2019, Plaintiff repeatedly reported concerns regarding treatment deficiencies and increasing symptoms with respect to the conditions identified above.

30. Despite said reports, Defendants failed to provide proper testing, monitoring and consulting necessary to provide the most basic medical treatment for Plaintiff's conditions and exhibited deliberate indifference to Plaintiff's medical needs and need for basic necessities of life by failing to provide Plaintiff with proper treatment and failing to conduct proper testing, monitoring, and consulting at all times of his confinement from September 17, 2017 through September 1, 2019.

31. As a result of Defendants' deliberate indifference to Plaintiff's medical needs, Plaintiff's right leg infection failed to heal and regressed, requiring a skin graft surgery on July 11, 2018.

32. Plaintiff's skin graft was healing well until mid-August, 2018, at which time the graft site became infected and Plaintiff was admitted to the Transitional Care Unit ("TCU") on August 16, 2018 for treatment.

33. After being discharged from TCU, Plaintiff was placed in administrative segregation (solitary confinement) from September 6, 2018 through September 11, 2018, at which time his infection became so severe that he was transferred to the TCU and was not discharged until October 1, 2018.

34. Upon his release from TCU, Plaintiff was immediately returned to administrative segregation and was confined there until March 11, 2019.

35. During said periods of administrative segregation, Defendants prevented Plaintiff from obtaining ordered medical supplies and Plaintiff was not permitted to perform medically ordered self-care tasks deemed necessary to control his right leg infection, including showers and wound cleansing.

36. There was no cause for placing Plaintiff in administrative segregation at any time during his confinement and further, Defendants failed to provide Plaintiff with any notice or hearing prior to or during his confinement to administrative segregation.

37. Upon information and belief, Plaintiff was placed in administrative segregation as a result of his reasonable requests for accommodation and justified complaints regarding his inadequate medical treatment.

38. Throughout the period of Plaintiff's confinement from September 21, 2017 through September 1, 2019, Defendants also failed to review and comply with medical care and monitoring orders regarding care of Plaintiff's medical conditions made by outside medical providers, including but not limited to, recommendations provided by Dr. Carl Doerhoff and Dr. Arthur Keiper.

39. Dr. Arthur Keiper repeatedly notified Defendants of his vehement objections to Defendants' denial of appropriate medical treatment for Plaintiff's conditions, but Defendants continued to refuse to provide Plaintiff with the most basic medical care necessary to treat his conditions.

40. As a result of Defendants' further ongoing deliberate indifference to Plaintiff's medical needs until his release on September 1, 2019, Plaintiff's right leg skin graft failed to heal

and regressed, requiring continuous wound care treatment from the date of his release through June 5, 2020.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (Defendant Missouri Department of Corrections)

COMES NOW, Plaintiff, Todd Nachtweih, by and through his undersigned counsel, and for Count I of his Complaint against Defendant, Missouri Department of Corrections, for violation of Title II of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12165, states as follows:

41.     Plaintiff restates the allegations set forth in Paragraphs 1–40 as if fully set forth herein.

42.     The ADA applies to MDOC because it is a "public entity" as defined by Title II of the ADA.

43.     At all times relevant herein, Plaintiff had a disability within the meaning of Title II of the ADA.

44.     At all times relevant herein, Plaintiff was a "qualified individual with a disability" within the meaning of Title II of the ADA because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by MDOC other than the fact that he required reasonable modifications to rules, policies, or practices, the removal of barriers, or the provision of auxiliary aids and services.

45.     MDOC failed to maintain appropriate policies to protect prisoners with Plaintiff's disability or other similar disabilities from injury or the risk of injury by insufficient medical care, insufficient medical assistive devices, lack of access to facilities for personal hygiene, and lack of access to clean water for cleansing wounds.

46.     MDOC failed to maintain appropriate policies for providing equal access to sufficient medical care, sufficient medical assistive devices, access to facilities for personal hygiene, and access to clean water for cleansing wounds to prisoners with Plaintiff's disability and other similar disabilities.  As a result, Plaintiff was denied equal access to MDOC services.

47.     Between September 27, 2017 and August 22, 2019, Plaintiff repeatedly requested reasonable accommodations which would allow his participation in the activities and benefits accorded to all other individuals in the custody of MDOC/ERDCC.

48.     Defendants failed and refused to provide any of Plaintiff's requested accommodations.

49.     Plaintiff could have meaningfully accessed the benefits of MDOC's services if Plaintiff's requested accommodations had been provided.

50.     Plaintiff's requested accommodations were reasonable.

51.     Plaintiff was denied his requested accommodations by reason of his disability.

52.     Plaintiff's requested accommodations were denied deliberately or with deliberate indifference.

53.     MDOC was deliberately indifferent to a substantial risk that Plaintiff would sustain injury due to the inadequate and dangerous conditions described above.

54.     MDOC failed to disclose or disseminate the identity of Defendant's ADA coordinator to inmates.

55.     MDOC failed to conduct a needs assessment when Defendants learned about Plaintiff's disability.

56.     MDOC failed to conduct ongoing needs assessments to ensure that Plaintiff's disability-related needs were being met.

57.     MDOC failed to have effective ADA grievance procedures.

58.     MDOC was aware of the dangerous condition created by the conduct described above.

59.     MDOC subjected Plaintiff to discrimination by withholding medically appropriate treatment that would have cured his disability, although MDOC does not withhold medically appropriate treatment from individuals without disabilities or individuals with different disabilities. This denial of treatment and discrimination violates 42 U.S.C. § 12132 (and the regulations promulgated under it - 28 C.F.R. Part 35) which states: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

60.     As a result of Defendant's conduct and Plaintiff's disability, as described above, Plaintiff was denied the benefit of and equal access to MDOC's services, causing Plaintiff to suffer extreme pain, medical treatment, medical expenses and emotional distress, to the damage of Plaintiff in an amount to be determined at trial.

61.     Pursuant to 42 U.S.C. § 12205, the Court may award Plaintiff his attorneys' fees incurred in bringing this claim.

WHEREFORE, Plaintiff, Todd Nachtweih, prays for judgment in his favor and against Defendant, Missouri Department of Corrections, in a fair and reasonable sum to be determined at trial, for his attorneys' fees, for his costs, and for such other and further relief as the Court shall deem just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT OF 1973
### (Defendant Missouri Department of Corrections)

COMES NOW, Plaintiff, Todd Nachtweih, by and through his undersigned counsel, and for Count II of his Complaint against Defendant, Missouri Department of Corrections, for violation of §504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794(a), states as follows:

62.     Plaintiff restates and realleges the allegations set forth in Paragraphs 1 – 61 as if fully set forth herein.

63.     At all times relevant herein, MDOC was the recipient of federal financial assistance for operation of ERDCC.

64.     As a result of MDOC's conduct and Plaintiff's disability, as described above, Plaintiff was denied the benefit of and equal access to MDOC's services, causing Plaintiff to suffer the damages described above, in an amount to be determined at trial.

65.     Pursuant to Section 504 of the Rehabilitation Act, this Court may award Plaintiff his attorneys' fees incurred in bringing this claim.

WHEREFORE, Plaintiff, Todd Nachtweih, prays for judgment in his favor and against Defendant, Missouri Department of Corrections, in a fair and reasonable sum to be determined at trial, for his attorneys' fees, for his costs, and for such other and further relief as the Court shall deem just and proper.

## COUNT III – DEPRIVATION OF RIGHTS SECURED BY THE EIGHT AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ARISING UNDER 42 U.S.C. §1983
### (Defendants Corizon, Director Precythe, Warden Payne, Director Massman, Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley)

COMES NOW, Plaintiff, Todd Nachtweih, by and through his undersigned counsel, and for Count III of his Complaint against Defendants Corizon, Director Precythe, Warden Payne,

Director Massman, Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley, for Deprivation of Rights Secured by the Eighth and Fourteenth Amendments to the United States Constitution Arising Under 42 U.S.C. §1983, states as follows:

66.     Plaintiff restates the allegations set forth in Paragraphs 1 – 40 as if fully set forth herein.

67.     At all times relevant herein, Plaintiff had a serious medical need regarding the conditions described above.

68.     At all times relevant herein, Defendants were aware of Plaintiff's serious need for medical care.

69.     At all times relevant herein, Defendants acted with deliberate indifference to Plaintiff's medical needs and basic necessities of human life by failing to provide proper medical and forcing Plaintiff to live in unsanitary, unhygienic, and unfit conditions for human life.

70.     In addition, in their actions described herein, Defendants acted pursuant to and in accordance with the policy and custom of Defendants to withhold treatment from individuals with conditions the same or similar to Plaintiff.

71.     These actions and policies were undertaken by Defendants under color of state law and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution to equal protection, basic human dignity, and to be free from cruel and unusual punishment

72.     As a result of Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered unnecessary and prolonged pain and suffering, permanent damage to his leg, the need

for continuing medical treatment, continuing medical expenses, and emotional distress, to the damage of Plaintiff in an amount to be determined at trial.

73.     Pursuant to 42 U.S.C. § 1988, this Court may award Plaintiff his attorneys' fees incurred in bringing this claim.

WHEREFORE, Plaintiff, Todd Nachtweih, prays for judgment in his favor and against Defendants Corizon, Director Precythe, Warden Payne, Director Massman, Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley, in a fair and reasonable sum to be determined at trial, for his attorneys' fees, for his costs, and for such other and further relief as the Court shall deem just and proper.

## COUNT IV – MEDICAL MALPRACTICE
### (Defendants Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley)

COMES NOW, Plaintiff, Todd Nachtweih, by and through his undersigned counsel, and for Count IV of his Complaint against Defendants Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley, for medical malpractice, states as follows:

74.     Plaintiff restates the allegations set forth in Paragraphs 1 – 40, as if fully set forth herein.

75.     At all times relevant herein, Plaintiff was a patient of Defendants.

76.     Defendants had a duty to use and exercise the degree of care, skill and proficiency that is commonly exercised by ordinarily skillful, careful, and prudent healthcare providers

engaged in similar practices under the same or similar circumstances in the course of rendering health care services to Plaintiff.

77.     Defendants violated the foregoing duty as set forth more fully above.

78.     As a direct and proximate result of Defendants' breaches of duty described above, Plaintiff suffered unnecessary and prolonged pain and suffering, permanent damage to his leg, the need for continuing medical treatment, continuing medical expenses, and emotional distress, to the damage of Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff, Todd Nachtweih, prays for judgment in his favor and against Defendants Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley, in a fair and reasonable sum to be determined at trial, for his costs, and for such other and further relief as the Court shall deem just and proper.

## COUNT V – NEGLIGENCE
### (Defendant Corizon)

COMES NOW, Plaintiff, Todd Nachtweih, by and through his undersigned counsel, and for Count V of his Complaint against Defendant, Corizon, LLC, for negligence, states as follows:

79.     Plaintiff restates the allegations set forth in Paragraphs 1 – 78 as if fully set forth herein.

80.     At all times relevant herein, Corizon had a contractual duty to provide medical services for the care of inmates housed at ERDCC, including providing medical personnel.

81.     At all times relevant herein, Corizon acted through its servants, employees and agents in performance of said duty, and is vicariously liable for the negligent acts and/or failure to act of each of its employees.

82.     At all times relevant herein, Defendants Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley were agents, servants and/or employees of Corizon and were acting within the scope of their employment when the negligent acts described in Paragraphs occurred.

83.     Plaintiff was an intended third-party beneficiary of the contract between MDOC and Corizon.

84.     Corizon breached its duty by providing inadequate medical personnel to MDOC, namely, Defendants Nurse Renshaw, Dr. Moody, Dr. Zarkoff, Nurse Ferguson, Nurse Humble, Nurse Brawley, Nurse Coffman and Nurse Engel, Nurse Bles, Nurse Morefield, Nurse Watson, Nurse Varvera, Nurse Boyer and Nurse Stanley.

85.     As a result of the above-described breaches by Corizon and its servants, employees and agents, Plaintiff suffered severe pain, permanent damage to his leg, continuing medical treatment, continuing medical expenses, and emotional distress, to the damage of Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff, Todd Nachtweih, prays for judgment in his favor and against Defendant Corizon in a fair and reasonable sum to be determined at trial, for his costs, and for such other and further relief as the Court shall deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

RESTOVICH&ASSOCIATES, LLC


By: /s/George B. Restovich
    George B. Restovich, #49639MO
    Cynthia L. Parnell, #61280MO
    214 N. Clay Avenue, Suite 100
    Kirkwood, MO 63122
    314.434-7700 – telephone
    314.480-3355 – facsimile
    george@restovichlawstl.com
    cindy@restovichlawstl.com
    **Attorneys for Plaintiff**